IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-41016

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUIRINO M. BANDA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(B-98-CR-184-1)

---

October 13, 1999

Before REAVLEY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:[*]

Quirino M. Banda appeals his conviction for conspiracy and possession with intent to distribute marijuana based on insufficiency of the evidence. We AFFIRM Banda's conviction for possession with intent to distribute and REVERSE the conviction for conspiracy.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Banda was arrested at a border checkpoint after United States customs officials discovered 50 pounds of marijuana in the gas tank of his automobile. Banda was entering the United States accompanied by his mother and her neighbor; no luggage was in the car. As the inspectors removed the gas tank and discovered the marijuana, which was packaged and hidden behind a trap door, Banda looked away from the tank. Banda gave inconsistent accounts to different inspectors of his destination as being Houston, a store in Brownsville, Texas, and Oklahoma.

Banda stated that he did not know that the tank contained marijuana. He claimed that he had not used the car since he had purchased it three days earlier but had kept it parked at his mother's house. The neighbor passenger contradicted this account, claiming that she had not seen the car at Banda's mother's house.

Banda was convicted after a bench trial and was sentenced to a 27-month prison sentence and three years of supervised release. He appealed.

## II.

On appeal, Banda claims that there was insufficient evidence to support either charge. This court examines the sufficiency of the evidence in the light most favorable to the verdict. See United States v. Gourley, 168 F.3d 165, 168 (5th Cir. 1999). To establish a conviction for possession of marijuana with intent to distribute, the evidence must demonstrate beyond a reasonable doubt that (1) the defendant knowingly possessed the drugs, and (2) did so with the intent to distribute. See United States v. Cano-Guel,

167 F.3d 900, 904 (5th Cir. 1999). Knowledge of drugs may be inferred from the defendant's control of the car where drugs are hidden. See United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995).

In hidden compartment cases, the government must present additional circumstantial evidence that is suspicious or demonstrates guilty knowledge. Resio-Trejo, 45 F.3d at 911. Such circumstantial evidence may take the form of inconsistent or implausible explanations as to the traveler's destination, or other false testimony. See United States v. Posada-Rios, 158 F.3d 832, 853, 860 (5th Cir. 1998) (defendant lied about having visited a site); United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994) (defendant gave inconsistent descriptions of travel plans). In addition, the traveler may respond unusually when his vehicle is searched. In Resio-Trejo, for example, the defendant behaved indifferently while his gas tank was dismantled. The court found the behavior circumstantial evidence of guilty knowledge. Resio-Trejo, 45 F.3d at 909, 913.

In Banda's case, the government presented several pieces of circumstantial evidence. Banda could not provide a plausible travel itinerary: his responses regarding his destination were inconsistent and the car contained no luggage. Banda also made other questionable statements. He could not document his claim of having recently purchased the car, and the neighbor contradicted Banda's assertion that the car had been at his mother's. Moreover, as in Resio-Trejo, Banda did not exhibit the normal curiosity

3

drivers show when their cars are searched or dismantled.  A rational trier of fact could have found that this evidence, taken together, established the elements of the offense.

## III.

To establish the charge of conspiracy to distribute, the government must prove that (1) at least two persons had an agreement to traffic in drugs, (2) the defendant knew of the agreement, and (3) the defendant voluntarily participated in the scheme.  See United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996).  Knowledge and acquiescence should not be inferred lightly. See United States v. Basey, 816 F.2d 980, 1002 (5th Cir. 1987).

The government's sole evidence of a conspiracy is that it would have taken a long time to alter the gas tank and package the marijuana in 45 bags.  This fact is insufficient to prove conspiracy.  There is no evidence that the job needed to be completed in a short time or that Banda did not have the time to execute the job himself.

There was insufficient evidence to support the conviction for conspiracy with intent to distribute.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.